# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ALASKA

TRENA YOUNCE,

        Plaintiff,

    v.

JOSEPH SMITH,

        Defendant.

Case No. 1:26-cv-00004-SLG

## ORDER OF DISMISSAL

On February 2, 2026, the Clerk received filings from self-represented litigant Trena Younce ("Plaintiff") that have been docketed and assigned a case number in the Case Management/Electronic Case Files ("CM/ECF") system, as set forth above.[1] On February 10, 2026, the Court issued a Standing Order in this case,[2] which was returned to the Court as undeliverable on March 9, 2026.[3] On March 24, 2026, the Court issued a Notice of Intent to Dismiss this action, informing Plaintiff that this case would be dismissed if Plaintiff failed to update her address within 14 days of the date of that order.[4] On April 9, 2026, the Notice of Intent to Dismiss was also returned to the Court as undeliverable.[5] Then, on April 22, 2026, Plaintiff

---

[1] Dockets 1-3.

[2] Docket 4.

[3] Docket 5.

[4] Docket 6.

[5] Docket 7.

filed a Notice of Change of Address.[6]

When an order of the Court or other mail is returned to the Court as undeliverable, a party must update her contact information within 14 days of the date of that order, or the Court may dismiss the case without further notice to the plaintiff.[7] Although Plaintiff may not have been aware of that deadline since the Screening Order was returned to the Court as undeliverable, all litigants are expected to review and comply with the Federal Rules of Civil Procedure, the District of Alaska's Local Civil Rules, and all Court orders.[8]

Federal courts must act with some leniency toward those without legal training,[9] and may accord a self-represented plaintiff an opportunity to cure deficiencies in a case. However, having reviewed and considered the filings in this case, the Court finds that Plaintiff fails to state a plausible claim. The Court further

---

[6] Docket 8.

[7] *See* Alaska Local Civil Rule 11.1(b)(3) (authorizing dismissal of a case when Court orders or other mail sent to a self-represented plaintiff at the address of record are returned to the Court as undeliverable). *See also* Alaska Local Civil Rule 11.1(b)(2) ("Self-represented parties must keep the court and other parties advised of the party's current address and telephone number.").

[8] *See* 28 U.S.C. § 1654 (permitting parties in federal court to represent themselves or be represented by an attorney, subject to the court's rules); Local Civil Rule 1.1(a)(3) ("All parties, including self-represented parties, must comply with these Local Rules and the Federal Rules of Civil Procedure. References in these rules to "counsel" or "attorneys" also refer to self-represented parties."). *See also* U.S. Courts, Federal Rules of Civil Procedure, https://www.uscourts.gov/rules-policies/current-rules-practice-procedure/federal-rules-civil-procedure; U.S. District Court for the District of Alaska, Local Rules and Orders, https://www.akd.uscourts.gov/court-info/local-rules-and-orders/local-rules.

[9] *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

finds that allowing leave to file an amended complaint would be futile.[10] For the reasons explained below, this case is DISMISSED without leave to amend in federal court.

### I.    Summary of Plaintiff's Claims

Plaintiff brings claims against Joseph Smith, who appears to be her ex-husband, for events that allegedly occurred between 2019-2022. The narrative is challenging to follow, but Plaintiff's Complaint appears to allege that after Plaintiff asked for a divorce and removed herself from Mr. Smith's home, Mr. Smith's attorney filed a lawsuit against her in an Oregon state court.[11] Plaintiff alleges she was not legally represented and did not "stand trial" in that matter. Plaintiff also alleges coordinated harassment by Mr. Smith's friends, claiming they "gang[ed] up" on her, her kids, and grandkids at an apartment in Oregon, and later engaged in similar conduct at an apartment in Alaska.[12] Plaintiff references additional court proceedings involving a witness and mentions that she requested a law enforcement woman with an original recording device to appear in court,[13] but

---

[10] *Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1041 (9th Cir. 2011) (affirming denial of leave to amend where amendment would be futile because the defects in the complaint could not be cured by additional factual allegations); *Carrico v. City & Cnty. of San Francisco*, 656 F.3d 1002, 1008 (9th Cir. 2011) (affirming denial of leave to amend where amendment would be futile because plaintiffs failed to allege a viable legal theory).

[11] Docket 1 at 3.

[12] Docket 1 at 3.

[13] Docket 1 at 4.

Plaintiff does not clearly explain what occurred or how these events relate to a specific legal claim. Plaintiff also claims Mr. Smith took her driver's license in 1987, which allegedly caused her six years of hardship and forced her to work under a false birth certificate somehow related to improper adoption.[14] For relief, Plaintiff requests $300,000 annually since 1987 and restoration of her original name, driver's license, dual citizenship, professional licensing, and retirement funds from a bank in Canada.[15]

## II. Screening Requirement

Federal law requires a district court to conduct an initial screening of a civil complaint filed by a self-represented litigant seeking to proceed in a lawsuit in federal court without paying the filing fee.[16] In this screening, a district court shall dismiss the case at any time if the court determines that the action:

(i) is frivolous or malicious;

(ii) fails to state a claim on which relief may be granted; or

(iii) seeks monetary relief against a defendant who is immune from such relief.[17]

In conducting its screening review, a district court must accept as true the allegations of the complaint, construe the complaint in the light most favorable to

---

[14] Docket 1 at 5.

[15] Docket 1 at 5.

[16] *See, e.g., Lopez v. Smith*, 203 F.3d 1122, 1126 & n.7 (9th Cir. 2000).

[17] 28 U.S.C. § 1915(e)(2)(B).

the plaintiff, and resolve all doubts in the plaintiff's favor.[18] However, a court is not required to accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact.[19] Before a court may dismiss any portion of a complaint, a court must provide a self-represented plaintiff with a statement of the deficiencies in the complaint and an opportunity to file an amended complaint, unless to do so would be futile.[20] Futility exists when "the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency."[21]

### III. Subject Matter Jurisdiction

The Court also has an independent obligation to determine whether it has subject-matter jurisdiction.[22] "[F]ederal courts are courts of limited jurisdiction" and "may not exercise jurisdiction absent a statutory basis."[23] In general, a federal

---

[18]*Bernhardt v. L.A. County*, 339 F.3d 920, 925 (9th Cir. 2003) (holding that a court must construe pleadings filed by self-represented litigants liberally and afford the complainant the benefit of any doubt).

[19] *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001), *amended by* 275 F.3d 1187 (2001).

[20] *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988); *see also Noll v. Carlson,* 809 F.2d 1446, 1448 (9th Cir.1987) ("Without the benefit of a statement of deficiencies, the pro se litigant will likely repeat previous errors.").

[21]*Schreiber Distributing Co. v. Serv-Well Furniture Co.,* 806 F.2d 1393, 1401 (9th Cir. 1986) (citation omitted).

[22] *See Henderson ex rel. Henderson v. Shinseki,* 562 U.S. 428, 434 (2011) ("[F]ederal courts have an independent obligation to ensure that they do not exceed the scope of their jurisdiction, and therefore they must raise and decide jurisdictional questions that the parties either overlook or elect not to press."); *see also Arbaugh v. Y&H Corp.,* 546 U.S. 500, 514 (2006) (noting that "subject-matter jurisdiction, because it involves a court's power to hear a case, can never be forfeited or waived"); *Wilson v. Lynch, 835 F.3d 1083, 1091* (9th Cir. 2016).

[23] *Home Depot U.S.A., Inc. v. Jackson,* 139 S. Ct. 1743, 1746 (2019).

Case No. 1:26-cv-00004-SLG, *Younce v. Smith*
Order of Dismissal
Page 5 of 8

court has original jurisdiction over actions involving a federal question,[24] and actions between citizens of different states involving an amount in controversy greater than $75,000.[25] A party asserting that a federal court has jurisdiction over an action bears the burden of establishing it.[26]  If a federal court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.[27]

### IV.    Requirements to State a Claim

Rule 8 of the Federal Rules of Civil Procedure instructs that a complaint must contain a "short and plain statement of the claim showing that the [complainant] is entitled to relief[.]"[28] While a complaint need not, and should not, contain every factual detail, "unadorned, the defendant-unlawfully-harmed-me accusation[s]" are insufficient to state a claim.[29] To determine whether a complaint states a valid claim for relief, a district court considers whether the complaint contains enough facts that, if accepted as true, "state[s] a claim to relief that is plausible on its face."[30] A claim is plausible "when the plaintiff pleads factual

---

[24] 28 U.S.C. § 1331.

[25] 28 U.S.C. § 1332(a).

[26] *Hertz Corp. v. Friend,* 559 U.S. 77, 96 (2010).

[27] Fed. R. Civ. P. 12(h)(3); see also *Valdez v. Allstate Ins. Co.,* 372 F.3d 1115, 1116 (9th Cir. 2004) (a federal court is obligated to evaluate its subject matter jurisdiction in each case and to dismiss a case when such jurisdiction is lacking).

[28] Fed. R. Civ. P. 8(a)(2).

[29] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

[30] *Id.* (quoting *Twombly*, 550 U.S. at 570). In making this determination, a court may consider "materials that are submitted with and attached to the Complaint." *United*

content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[31]

### V.    Screening Review of Plaintiff's Claims

Plaintiff's Complaint consists largely of generalized assertions of harassment, fraud, and improper and illegal activity, but it does not clearly identify a legal basis for federal jurisdiction or explain what specific federal right was violated. To the extent Plaintiff seeks relief related to divorce proceedings, marital property, support, or domestic relations orders entered in Oregon state court, such matters are generally outside the jurisdiction of federal district courts.[32] Federal courts do not act as appellate courts over state domestic relations proceedings.[33]

Even if the Court construed Plaintiff's allegations as attempting to assert a civil rights claim under 42 U.S.C. § 1983, Plaintiff does not allege that any defendant acted under color of state law. Joseph Smith and attorney Michael Finch appear to be private individuals, not government workers. Private conduct is not

---

*States v. Corinthian Colls.*, 655 F.3d 984, 999 (9th Cir. 2011) (citing *Lee v. City of Los Angeles,* 250 F.3d 668, 688 (9th Cir. 2001)).

[31] *Ashcroft,* 556 U.S. at 678.

[32] *Thompson v. Thompson*, 798 F.2d 1547, 1558 (9th Cir.1986). *See also Ankenbrandt v. Richards*, 504 U.S. at 702-704 (holding that the domestic relations exception to federal subject matter jurisdiction "divests the federal courts of power to issue divorce, alimony and child custody decrees.").

[33] *Rooker v. Fidelity Trust Co.,* 263 U.S. 413 (1923); *District of Columbia Court of Appeals v. Feldman,* 460 U.S. 462 (1983). *See also Partington v. Gedan,* 961 F.2d 852, 864 (9th Cir.1992) ("Under the 'Rooker–Feldman doctrine,' review of state court decisions may only be conducted in the United States Supreme Court.").

actionable under § 1983 unless the defendant acted jointly with the state or exercised powers traditionally reserved to the state, which Plaintiff has not plausibly alleged. Because there are no additional facts that could possibly cure the deficiencies, the Court finds that allowing leave to file an amended complaint would be futile.[34] Therefore, this case is dismissed with prejudice to refiling her claims in state court.

**IT IS THEREFORE ORDERED:**

1. This case is **DISMISSED for lack of subject matter jurisdiction**.

2. All pending motions are **DENIED as moot.**

3. The Clerk shall issue a final judgment and close this case.

DATED this 29th day of April, 2026, at Anchorage, Alaska.

> */s/ Sharon L. Gleason*
> SHARON L. GLEASON
> UNITED STATES DISTRICT JUDGE

---

[34] *Cervantes v. Countrywide Home Loans, Inc.,* 656 F.3d 1034, 1041 (9th Cir. 2011) (affirming denial of leave to amend where amendment would be futile because the defects in the complaint could not be cured by additional factual allegations)*; Carrico v. City & Cnty. of San Francisco,* 656 F.3d 1002, 1008 (9th Cir. 2011) (affirming denial of leave to amend where amendment would be futile because plaintiffs failed to allege a viable legal theory).